UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


YVONNE LONG,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                        Case No. 1:08-CV-1162

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 29 years of age at the time of the ALJ's decision. (Tr. 18). She completed the ninth grade and worked previously as a telemarketer, waitress, and parts inspector. (Tr. 18, 97-103).

Plaintiff applied for benefits on May 11, 2005, alleging that she had been disabled since January 10, 2005, due to back and abdominal pain, hernia repair, depression, and post-traumatic stress disorder. (Tr. 67, 83-85, 126, 156-58, 682-83). Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 24-82). On November 15, 2007, Plaintiff appeared before ALJ William Decker, with testimony being offered by Plaintiff and vocational expert, Susan Rowe. (Tr. 700-31). In a written decision dated February 12, 2008, the ALJ determined that Plaintiff was not disabled. (Tr. 16-23). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 5-8). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## RELEVANT MEDICAL HISTORY[1]

Treatment notes dated July 18, 2005, indicate that Plaintiff was anxious and exhibited a "very flat affect." (Tr. 662). On August 26, 2005, Plaintiff reported that "her depression has been getting very bad." (Tr. 661). Plaintiff reported that her depression was exacerbated by her lower back pain. (Tr. 661). Plaintiff was prescribed Welbutrin. (Tr. 661).

On October 17, 2005, Plaintiff was examined by Dr. Malar Vasanthan. (Tr. 659-60). Plaintiff reported that she "feels very depressed." (Tr. 659). Plaintiff also reported that she stopped taking her medication because it "has not helped her in the slightest." (Tr. 659). The doctor reported that Plaintiff exhibited "a very flat affect" and "appears very depressed." (Tr. 659). Dr. Vasanthan discontinued Plaintiff's Welbutrin prescription and prescribed Lexapro instead. (Tr. 660).

On October 18, 2005, Plaintiff was examined by Clinical Psychologist, Dalene Rooks DeGraaf, Ph.D. (Tr. 357-58). Plaintiff reported that she was experiencing pain in the back of her head, middle of her shoulders, lower back, and calves. (Tr. 357). Plaintiff reported that she "always feels depressed and cranky" and experiences difficulty sleeping. (Tr. 358).

Psychological testing revealed that Plaintiff "sees herself as having little control over [her] pain and is presenting herself as markedly disabled by it." (Tr. 358). Testing also revealed that Plaintiff was "significantly anxious" and "severely depressed." (Tr. 358). Dr. DeGraaf observed that Plaintiff's depression was "severe enough to qualify for a Major Depressive Disorder, Single Episode, Severe," and that Plaintiff "would benefit from a multidisciplinary approach to pain

---

[1] Plaintiff has not challenged the ALJ's findings regarding her physical impairments and the limitations resulting therefrom. Instead, Plaintiff challenges only the ALJ's findings concerning her non-exertional impairments and the limitations such impose on her ability to function. Accordingly, the Court's discussion of the medical evidence will focus on Plaintiff's non-exertional impairments.

4

management."  (Tr. 358).  Dr. James Hudson recommended that Plaintiff participate in physical therapy and psychological counseling.  (Tr. 359-60).

On January 9, 2006, Dr. Vasanthan increased Plaintiff's Lexapro dosage.  (Tr. 656). The doctor instructed Plaintiff "not to stop taking her medication" because "it would take a few weeks before she saw any effect."  (Tr. 656).  Plaintiff was also instructed to continue participating in counseling.  (Tr. 656).  Dr. Vasanthan "also explained to [Plaintiff] that just counseling and medication would not help the depression, but she needed to take steps to change her lifestyle."  (Tr. 656).  In this respect, the doctor instructed Plaintiff to exercise regularly and "get out of the house more and to do things with her own friends."  (Tr. 656).

Plaintiff attended three counseling sessions between December 13, 2005, and January 11, 2006, but was subsequently discharged from therapy "for failure to attend appointments."  (Tr. 342).

Treatment notes dated March 6, 2006, indicate that Plaintiff was again instructed to "take her medication faithfully" and participate in counseling.  (Tr. 654).

Treatment notes dated May 17, 2006, indicate that Plaintiff's depression was "stable." (Tr. 651).  On June 22, 2006, Plaintiff began taking Cymbalta in place of Lexapro.  (Tr. 649).  On August 14, 2006, Plaintiff reported that "Cymbalta has improved her depression and her attitude." (Tr. 648).  On December 18, 2006, Plaintiff reported that her depression "is improved significantly with Cymbalta."  (Tr. 633).  On March 19, 2007, Plaintiff again reported that her depression has "improved significantly with Cymbalta."  (Tr. 618).  Treatment notes dated June 11, 2007, indicate that Plaintiff was taking Cymbalta for her depression.  (Tr. 599).

On October 31, 2007, Plaintiff participated in a consultive examination conducted by Irwin Greenbaum, Ph.D. (Tr. 679-83). Dr. Greenbaum reported that Plaintiff "was quite depressed and anxious" and "was observed to cry profusely throughout the entire evaluation." (Tr. 681). Plaintiff was diagnosed with (1) major depression, single episode, severe, and (2) post-traumatic stress disorder. (Tr. 682). Plaintiff's GAF score was rated as 40.[2] (Tr. 683). Dr. Greenbaum also assessed Plaintiff's "mental abilities and aptitudes" to perform unskilled, semi-skilled, and skilled work. (Tr. 686-87). In so doing, the doctor evaluated Plaintiff in twenty-five (25) separate categories encompassing (1) understanding and memory, (2) concentration and persistence, (3) social interaction, and (4) adaptation. (Tr. 686-87). The doctor rated Plaintiff's ability in every single category as either "unable to meet competitive standards" or "no useful ability to function." (Tr. 686-87).

## ANALYSIS OF THE ALJ'S DECISION

The ALJ determined that Plaintiff suffers from chronic pain disorder with psychological factors, a severe impairment that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 18-20). Finding that Plaintiff retained the ability to perform her past relevant work as a telemarketer and parts inspector, the ALJ determined that Plaintiff was not disabled as defined by the Social Security Act.

---

[2] The Global Assessment of Functioning (GAF) score refers to the clinician's judgment of the individual's overall level of functioning. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 2000) (hereinafter DSM-IV). A GAF score of 40 indicates that the individual is experiencing "some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." DSM-IV at 34.

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[3] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

As noted, the Commissioner has established a five-step disability determination procedure. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v.*

---

[3] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

*Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity "to perform light work as defined in the Regulations[4] except for occasional climbing of ramps or stairs and no climbing of ladders, ropes or scaffolds." (Tr. 20). A vocational expert characterized Plaintiff's previous work as a telemarketer as semi-skilled and her previous work as a parts inspector as unskilled. (Tr. 708-09). The vocational expert further testified that if Plaintiff were limited to this extent she would still be able to perform her past relevant work as a telemarketer and parts inspector. (Tr. 728). Relying on this testimony, the ALJ determined that Plaintiff was not disabled. (Tr. 22).

The vocational expert further testified that if Plaintiff were further limited to the performance of simple, sedentary work with a sit-stand option and no interaction with the general public, there existed approximately 11,800 jobs in the State of Michigan which Plaintiff could perform. (Tr. 708-09, 728-29). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).

---

[4] Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983); *Van Winkle v. Commissioner of Social Security*, 29 Fed. Appx. 353, 357 (6th Cir., Feb. 6, 2002).

a. The ALJ Properly Evaluated Plaintiff's Mental Impairment

Plaintiff asserts that the ALJ erred by failing to recognize that she suffered from severe mental impairments. As previously noted, the ALJ found that Plaintiff suffered from chronic pain disorder with psychological factors. With respect to Plaintiff's alleged mental impairments, the ALJ considered such, but determined that such were less than severe because there was no evidence that Plaintiff suffered from such for more than 12 months.

A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 404.1520(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b); *see also*, *Despins v. Commissioner of Social Security*, 257 Fed. Appx. 923, 929 n.2 (6th Cir., Dec. 14, 2007).

An impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988)); *see also*, *Williamson v. Secretary of Health and Human Services*, 796 F.2d 146, 151 (6th Cir. 1986) (an impairment is less than severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience").

The record supports the ALJ's conclusion that Plaintiff's alleged mental impairments did not satisfy the durational requirement and were, therefore, less than severe. The medical record indicates that Plaintiff was experiencing depression in August 2005, at which time she was prescribed Welbutrin. Plaintiff's medication was subsequently modified and by the following May, Plaintiff's depression was characterized as "stable." None of Plaintiff's treating physicians or care providers reported that Plaintiff's mental impairments limited her ability to perform work activities to an extent beyond that recognized by the ALJ.

As the ALJ noted, following the May 2006 observation that Plaintiff's depression was stable, the next suggestion that Plaintiff was suffering from a "severe" mental impairment was the report authored by Dr. Greenbaum. Because Dr. Greenbaum examined Plaintiff on only one occasion and did not establish a treating relationship with her, his opinions are not entitled to any deference. *Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 506-07 (6th Cir. 2006). Furthermore, Dr. Greenbaum's extreme opinions lack any support in the record and, moreover, are even inconsistent with Plaintiff's testimony at the administrative hearing. The ALJ properly disregarded Dr. Greenbaum's opinion.

However, even if the ALJ's conclusion that Plaintiff's alleged mental impairments were less than severe is not sufficiently supported by the evidence, the result is the same.

At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment. The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in

rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir., Feb. 22, 2008) (citing *Maziarz*, 837 F.2d at 244); *Fisk v. Astrue*, 253 Fed. Appx. 580, 583-84 (6th Cir., Nov. 9, 2007) (same).

Here, the ALJ determined that Plaintiff suffered from a severe impairment at step two of the sequential analysis and continued with the remaining steps thereof, considering in detail the evidence of record. Thus, even if the Court assumes that the ALJ erred in failing to find that Plaintiff suffered from a severe psychological impairment, such does not call into question the substantiality of the evidence supporting the ALJ's decision. *See Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"); *Berryhill v. Shalala*, 1993 WL 361792 at *7 (6th Cir., Sep. 16, 1993) ("the court will remand the case to the agency for further consideration only if 'the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture...'").

Plaintiff next asserts that the ALJ erred by failing to evaluate the extent to which Plaintiff's alleged mental impairments limited her ability to perform work activities. As Defendant correctly observes, the ALJ did not undertake such an evaluation because he did not find that Plaintiff suffered from any severe mental impairment. As previously discussed, this determination is supported by the record.

Finally, Plaintiff asserts that the ALJ erred because his RFC "does not adopt any mental limitations." As discussed above, the evidence of record simply fails to support Plaintiff's contention that she suffers non-exertional limitations beyond that recognized by the ALJ. None of Plaintiff's treating physicians or care providers offered the opinion that Plaintiff's alleged mental impairments limited her ability to perform work activities to an extent beyond that recognized by the ALJ. The record likewise fails to support the imposition of any such limitations. While Dr. Greenbaum opined that Plaintiff suffers from extreme limitations that preclude any work activity, such enjoy no support in the record and are contradicted by the evidence that Plaintiff's depression responded quite favorably to medication. Accordingly, the undersigned finds that the ALJ's RFC determination is supported by substantial evidence.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 22, 2010

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge